**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4823

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

 v.

DEANGELO DONNELL JACOBS,

   Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge. (5:12-cr-00040-F-1)

Submitted:  June 27, 2013     Decided:  July 11, 2013

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deangelo Donnell Jacobs pled guilty, without the benefit of a written plea agreement, to mailing a threatening communication, in violation of 18 U.S.C. § 876(c) (2006).  He was designated a career offender and sentenced to forty-six months' imprisonment, to be served consecutive to his undischarged state court sentence.  The court also imposed a three-year term of supervised release.  On appeal, Jacobs argues that his sentence is procedurally and substantively unreasonable.  We affirm.

We review Jacobs' sentence for reasonableness, applying an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 46, 51 (2007).  This review requires consideration of both the procedural and substantive reasonableness of the sentence.  Id. at 51.  We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Id. at 49-51; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010).  If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it

chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the defendant's properly calculated Guidelines range, we apply a presumption of substantive reasonableness. United States v. Bynum, 604 F.3d 161, 168 (4th Cir. 2010); see Rita v. United States, 551 U.S. 338, 347 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

We discern no procedural or substantive infirmity in Jacobs' sentence. The district court properly computed Jacobs' Guidelines range, including the career offender designation, provided Jacobs and his counsel ample opportunity to speak in mitigation, and explained the sentence imposed by reference to the § 3553(a) factors it deemed most relevant in this case.

Jacobs contends on appeal that the district court procedurally erred by failing to address whether his career offender designation overstated the seriousness of his conduct. Jacobs complains that the court "relied almost exclusively on [his] admittedly bad criminal record" without giving due consideration "to the isolated and non-aggravated nature of his offense conduct." (Appellant's Br. at 14).

We disagree. In the course of analyzing the relevant § 3553(a) factors and explaining the reasons for the selected sentence, the district court adequately responded to counsel's

3

arguments in favor of a reduced sentence to be served in conjunction with Jacobs' state court sentence.  The sentencing court simply found that counsel's arguments were not persuasive when juxtaposed with Jacobs' history of violent conduct and demonstrated unwillingness to conform his behavior to the law, as well as the need to deter other inmates from engaging in similar acts.  While we may have weighed the sentencing factors differently if tasked with resolving the issue in the first instance, we defer to the district court's well-reasoned decision.  See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.").

   Jacobs relies on the same basic premise to argue that his within-Guidelines sentence is substantively unreasonable.  Our review of the record convinces us that a within-Guidelines sentence was justified in light of the totality of circumstances present in this case.  We thus hold that the court did not abuse its discretion in selecting this sentence.  See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (explaining that, to rebut the presumption of substantive reasonableness, defendant must show "that the sentence is unreasonable when measured against the § 3553(a) factors" (internal quotation marks omitted)).

4

We accordingly affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED